# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0348, <u>Frederick Howcroft v. New Hampshire Department of Safety</u>, the court on June 13, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, Frederick Howcroft, appeals an order of the Superior Court (<u>Leonard</u>, J.) upholding the administrative suspension of his driver's license by the defendant, the New Hampshire Department of Safety. <u>See</u> RSA 265-A:30, :31, :34 (2014). He argues that his refusal to submit to certain field sobriety tests should not have weighed against him in determining whether police had reasonable grounds to believe he had been driving while under the influence of alcohol. <u>See</u> RSA 265-A:31, II(a). We affirm.

"In an appeal of a license suspension to the superior court, the petitioner has the burden to show that the hearing examiner's order was clearly unreasonable or unlawful." <u>Rudder v. Dir., N.H. Div. of Motor Vehicles</u>, 175 N.H. 38, 42 (2022). "The trial court is required to treat the hearing examiner's findings of fact on questions properly before the examiner as <u>prima facie</u> lawful and reasonable, and may not set aside or vacate the decision unless the court is satisfied, by a clear preponderance of the evidence before it, that the decision is unjust or unreasonable." <u>Id</u>. In turn, "[w]e will uphold the trial court's decision on appeal unless the evidence does not support it or it is legally erroneous." <u>Id</u>.

As the appealing party, the plaintiff has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's thorough and well-reasoned order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error and affirm the court's decision. <u>See</u> <u>id</u>.; <u>Sup. Ct. R.</u> 25(8).

<u>Affirmed</u>.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**